UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ISIDRO S. G.,[1] <br><br> Plaintiff, <br><br> v. <br><br> NANCY A. BERRYHILL, Acting Commissioner of Social Security, <br><br> Defendant. | Case No. 2:18-cv-04284-JDE <br><br> MEMORANDUM OPINION AND ORDER |

Plaintiff Isidro G. ("Plaintiff") filed a Complaint on May 21, 2018 seeking review of the Commissioner's denial of his application for disability insurance benefits ("DIB"). On March 4, 2019, the parties filed a Joint Submission ("Jt. Stip.") regarding the issues in dispute. The matter now is ready for decision.

---

[1] Plaintiff's name has been partially redacted in accordance with Fed. R. Civ. P. 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

# I.
# BACKGROUND

Plaintiff filed an application for DIB on July 7, 2014, alleging disability commencing on October 4, 2013. Administrative Record ("AR") 163-66. After his application was denied initially (AR 79-81), Plaintiff requested an administrative hearing (AR 82), which was held on December 22, 2014. AR 37-65. Plaintiff, represented by an attorney, appeared and testified before an Administrative Law Judge ("ALJ").

On February 8, 2017, the ALJ issued a written decision finding Plaintiff was not disabled. AR 15-32. The ALJ found Plaintiff had not engaged in substantial gainful employment since October 4, 2013 and suffered from the severe impairments of: cervical disc disorder with herniation; spinal stenosis and myelopathy; status post decompression and fusion; neuropathy; lumbar disc disorder with bulges and protrusions; lumbosacral sciatic syndrome; bilateral shoulder impingement and sprains; diffuse arthralgia; right knee sprain; bilateral ankle sprains; and obesity. AR 23. The ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment. AR 26. The ALJ also found Plaintiff had the residual functional capacity ("RFC") to perform the demands of light work as defined in 20 C.F.R. § 404.1567(b) with the following limitations (AR 26):

> [Plaintiff] can lift and carry up to 20 pounds occasionally and 10 pounds frequently. [Plaintiff] can stand/walk for 6 hours in an 8 hour workday. [Plaintiff] can sit 6 hours in an 8 hour day. [Plaintiff] can occasionally climb ramps and stairs, but can never climb ladders, ropes, or scaffolds. He can occasionally balance, stoop, kneel, crouch, and crawl. He is unable to use the bilateral upper extremities for above shoulder level work, including overhead reaching. He is unable to work around unprotected heights.

The ALJ found Plaintiff was unable to perform any past relevant work, but, considering his age, education, work experience, and RFC, the ALJ found other jobs existed in significant numbers in the national economy that Plaintiff could perform. AR 30-31. Accordingly, the ALJ concluded Plaintiff was not under a "disability," as defined in the Social Security Act, from October 4, 2013 through the date of the ALJ's decision. AR 32.

On March 27, 2018, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. AR 1-8. This action followed.

## II.
## LEGAL STANDARDS

**A. <u>Standard of Review</u>**

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The ALJ's findings and decision should be upheld if they are free from legal error and supported by substantial evidence based on the record as a whole. <u>Brown-Hunter v. Colvin</u>, 806 F.3d 487, 492 (9th Cir. 2015) (as amended); <u>Parra v. Astrue</u>, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such relevant evidence as a reasonable person might accept as adequate to support a conclusion. <u>Lingenfelter v. Astrue</u>, 504 F.3d 1028, 1035 (9th Cir. 2007). It is more than a scintilla, but less than a preponderance. <u>Id.</u> To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." <u>Reddick v. Chater</u>, 157 F.3d 715, 720 (9th Cir. 1998). "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. <u>Id.</u> at 720-21; see also <u>Molina v. Astrue</u>, 674 F.3d 1104, 1111 (9th Cir. 2012) ("Even when the evidence is susceptible to more than one

rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record.").

Lastly, even if an ALJ errs, the decision will be affirmed where such error is harmless (Molina, 674 F.3d at 1115), that is, if it is "inconsequential to the ultimate nondisability determination," or if "the agency's path may reasonably be discerned, even if the agency explains its decision with less than ideal clarity." Brown-Hunter, 806 F.3d at 492 (citation omitted).

**B. Standard for Determining Disability Benefits**

When the claimant's case has proceeded to consideration by an ALJ, the ALJ conducts a five-step sequential evaluation to determine at each step if the claimant is or is not disabled. See Molina, 674 F.3d at 1110.

First, the ALJ considers whether the claimant currently works at a job that meets the criteria for "substantial gainful activity." Id. If not, the ALJ proceeds to a second step to determine whether the claimant has a "severe" medically determinable physical or mental impairment or combination of impairments that has lasted for more than twelve months. Id. If so, the ALJ proceeds to a third step to determine whether the claimant's impairments render the claimant disabled because they "meet or equal" any of the "listed impairments" set forth in the Social Security regulations at 20 C.F.R. Part 404, Subpart P, Appendix 1. See Rounds v. Comm'r Soc. Sec. Admin., 807 F.3d 996, 1001 (9th Cir. 2015). If the claimant's impairments do not meet or equal a "listed impairment," before proceeding to the fourth step the ALJ assesses the claimant's RFC, that is, what the claimant can do on a sustained basis despite the limitations from his impairments. See 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); Social Security Ruling 96-8p.

After determining the claimant's RFC, the ALJ proceeds to the fourth step and determines whether the claimant has the RFC to perform his past relevant work, either as he "actually" performed it when he worked in the past,

4

or as that same job is "generally" performed in the national economy. See Stacy v. Colvin, 825 F.3d 563, 569 (9th Cir. 2016). If the claimant cannot perform his past relevant work, the ALJ proceeds to a fifth and final step to determine whether there is any other work, in light of the claimant's RFC, age, education, and work experience, that the claimant can perform and that exists in "significant numbers" in either the national or regional economies. See Tackett v. Apfel, 180 F.3d 1094, 1100-01 (9th Cir. 1999). If the claimant can do other work, he is not disabled; but if the claimant cannot do other work and meets the duration requirement, the claimant is disabled. See id. at 1099.

The claimant generally bears the burden at each of steps one through four to show he is disabled, or he meets the requirements to proceed to the next step; and the claimant bears the ultimate burden to show he is disabled. See, e.g., Molina, 674 F.3d at 1110; Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995). However, at Step Five, the ALJ has a "limited" burden of production to identify representative jobs that the claimant can perform and that exist in "significant" numbers in the economy. See Hill v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012); Tackett, 180 F.3d at 1100.

### III.
### DISCUSSION

The parties present two disputed issues (Jt. Stip. at 4):

Issue No. 1: Whether the ALJ properly evaluated the opinions of the Agreed Medical Examiner; and

Issue No. 2: Whether the ALJ properly evaluated Plaintiff's testimony.

**A. Objective Medical Evidence**

With respect to Issue No. 1, Plaintiff contends the ALJ failed to provide "specific and legitimate reasons" for rejecting limitations from Phillip J. Kanter, M.D. ("Dr. Kanter"), an examining physician.

5

1. <u>Applicable Law</u>

In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including medical records, lay evidence, and "the effects of symptoms, including pain, that are reasonably attributable to the medical condition." <u>Robbins v. Soc. Sec. Admin.</u>, 466 F.3d 880, 883 (9th Cir. 2006) (citation omitted).

"There are three types of medical opinions in social security cases: those from treating physicians, examining physicians, and non-examining physicians." <u>Valentine v. Comm'r Soc. Sec. Admin.</u>, 574 F.3d 685, 692 (9th Cir. 2009); <u>see also</u> 20 C.F.R. § 416.902. "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant." <u>Lester v. Chater</u>, 81 F.3d 821, 830 (9th Cir. 1995). "The opinion of an examining physician is, in turn, entitled to greater weight than the opinion of a nonexamining physician." <u>Id.</u>

"[T]he ALJ may only reject a treating or examining physician's uncontradicted medical opinion based on clear and convincing reasons" supported by substantial evidence in the record. <u>Carmickle v. Comm'r, Sec. Sec. Admin.</u>, 533 F.3d 1155, 1164 (9th Cir. 2008) (citation omitted); <u>Widmark v. Barnhart</u>, 454 F.3d 1063, 1066 (9th Cir. 2006). "Where such an opinion is contradicted, however, it may be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." <u>Carmickle</u>, 533 F.3d at 1164 (citation omitted). "The ALJ need not accept the opinion of any physician . . . if that opinion is brief, conclusory, and inadequately supported by clinical findings." <u>Bray v. Comm'r of Soc. Sec. Admin.</u>, 554 F.3d 1219, 1228 (9th Cir. 2009).

2. <u>Analysis</u>

In his Agreed Medical Evaluation report, Dr. Kanter provided work restrictions for Plaintiff's cervical spine, stating, "[Plaintiff] is precluded from

prolonged posturing, repetitive flexion-extension, and heavy lifting, pushing, and pulling at the should level or above." AR 346. Dr. Kanter provided no work restrictions for Plaintiff's lumbosacral spine, right knee, right ankle/foot, and left ankle/foot. AR 346.

The ALJ provided "great weight" to the opinion of Dr. Kanter because his opinions were "consistent" with the medical evidence. AR 29. The ALJ found Dr. Kanter's opinions were "generally consistent" with consultative examiner Rocely Ella-Tamayo, M.D. The ALJ also gave Plaintiff "the benefit of the doubt" and provided postural, environmental, and upper extremity limitations beyond what was recommended by Dr. Ella-Tamayo given the combination of Plaintiff's severe impairments. AR 29. As noted, the ALJ found Plaintiff had the RFC to perform the demands of light work as defined in 20 CFR 404.1567(b) with the following additional physical limitations: "[Plaintiff] can occasionally climb ramps and stairs, but can never climb ladders, ropes or scaffolds. He can occasionally balance, stoop, kneel, crouch, and crawl. He is unable to use the bilateral upper extremities for above shoulder level work, including overhead reaching. He is unable to work around unprotected heights." AR 26.

Plaintiff contends Dr. Kanter "set forth greater functional restrictions than what the ALJ's RFC assessed" by precluding Plaintiff from "prolonged posturing of his cervical spine; repetitive flexion-extension; and pushing/pulling at or above shoulder level." Jt. Stip. at 5. Plaintiff argues Dr. Kanter's "greater functional restrictions" necessitate "neck-specific restrictions" in the RFC, but the ALJ did not provide any neck-specific restrictions in the RFC. Id. Plaintiff concludes "the net effect is that the ALJ failed to articulate any reason, let alone specific and legitimate reasons, for rejecting the [neck-specific limitations] from Dr. Kanter." Id.

7

The Court finds Plaintiff has not shown the ALJ erred in his RFC assessment and has not convincingly shown that the RFC limitations do not already incorporate Dr. Kanter's "greater functional restrictions" regarding "prolonged posturing of [the] cervical spine, repetitive flexion-extension, and pushing/pulling at or above the shoulder level." See Tidwell v. Apfel, 161 F.3d 599, 601 (9th Cir. 1998) ("At all times, the burden is on the claimant to establish her entitlement to disability insurance benefits"); Wall v. Comm'r of Soc. Sec., 2013 WL 3333092, at *9 (D. Or. July 1, 2013) (finding Plaintiff did not meet her burden to demonstrate the RFC finding did not already incorporate Plaintiff's impairments).

First, the ALJ specifically included a limitation incorporating Dr. Kanter's restriction of "heavy lifting, pushing, and pulling at the shoulder level or above" by including in the RFC that Plaintiff is "unable to use the bilateral upper extremities for above shoulder level work." AR 26.

Second, with respect to the other two limitations set forth by Dr. Kanter, "prolonged posturing of [the] cervical spine" and "repetitive flexion-extension," the RFC limits Plaintiff to "light work" with further restrictions on balancing, climbing, stooping, crawling, kneeling, crouching, lifting, standing, walking, sitting, and reaching overhead. AR 26. Plaintiff has not shown that these restrictions fail to account for limitations set forth by Dr. Kanter. Further, in finding the RFC's restrictions as they related to Plaintiff's cervical limitations "reasonable in light of the objective medical evidence," the ALJ cited to: (1) the positive results following Plaintiff's October 2013 surgery; (2) Plaintiff's limited, post-surgical conservative treatment relating to his neck area; and (3) Dr. Ella-Tamayo's assessment, which took place after the issuance of Dr. Kanter's opinion and found Plaintiff "would be capable of a light [RFC] and would not have any limitations in the neck or upper extremities." AR 27 (citing AR 312); see also AR 74 (October 2014 finding of

8

no postural limitations by State agency physician William Harrison, M.D.). As noted, the ALJ stated he was including postural limitations in the RFC—limitations that were not recommended by other physicians—to give Plaintiff "the benefit of the doubt." The ALJ properly considered and incorporated Dr. Kanter's opinion and all the medical evidence as a whole in assessing Plaintiff's RFC.

The RFC determination is an "administrative finding" specifically reserved for the Commissioner. See 20 C.F.R. §§ 404.1527(d)(1), (2); 416.927(d)(1), (2) Dominguez v. Colvin, 808 F.3d 403, 409 (9th Cir. 2015); Lynch Guzman v. Astrue, 365 F. App'x 869, 870 (9th Cir. 2010); Vertigan v. Halter, 260 F.3d 1044, 1049 (9th Cir. 2001) ("It is clear that it is the responsibility of the ALJ, not the claimant's physician, to determine [RFC]."). Here, the ALJ provided a detailed review of the medical evidence, including the opinions of the State agency reviewing physician, examining physicians, and treating physicians, among other things, in formulating Plaintiff's RFC. AR 26-30. Plaintiff has not shown that the ALJ erred in formulating Plaintiff's RFC or in considering the medical opinion evidence.[2]

**B. Plaintiff's Subjective Symptom Testimony**

In Issue No. 2, Plaintiff argues the ALJ did not state clear and convincing reasons for rejecting Plaintiff's symptom testimony. Jt. Stip. at 18-22.

---

[2] In arguing the ALJ's alleged RFC error was not harmless, Plaintiff asserts that if Dr. Kanter's "greater functional restrictions" were included in the RFC, he would be unable to perform any of the "other jobs" identified by the ALJ at Step Five based upon the Dictionary of Occupational Titles descriptions or "common experience" of those "other jobs." See Jt. Stip. at 6-7; 14-17 (citing, inter alia, Gutierrez v. Colvin, 844 F.3d 804, 808 (9th Cir. 2016)). However, as this argument is premised upon a finding that the ALJ erred in fixing Plaintiff's RFC, and as the Court finds the ALJ did not so err, the Court need not address whether the nonexistent error was harmless.

9

1. Applicable Law

Where a disability claimant produces objective medical evidence of an underlying impairment that could reasonably be expected to produce the pain or other symptoms alleged, absent evidence of malingering, the ALJ must provide "specific, clear and convincing reasons for rejecting the claimant's testimony regarding the severity of the claimant's symptoms." Treichler v. Comm'r Soc. Sec. Admin., 775 F.3d 1090, 1102 (9th Cir. 2014) (citation omitted); Moisa v. Barnhart, 367 F.3d 882, 885 (9th Cir. 2004); see also 20 C.F.R. § 416.929. The ALJ may consider, among other factors: (1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; (3) the claimant's daily activities; (4) the claimant's work record; and (5) testimony from physicians and third parties. Rounds, 807 F.3d at 1006.

The ALJ's findings "must be sufficiently specific to allow a reviewing court to conclude that the [ALJ] rejected [the] claimant's testimony on permissible grounds and did not arbitrarily discredit the claimant's testimony." Moisa, 367 F.3d at 885 (citation omitted). Furthermore, a "lack of medical evidence cannot form the sole basis for discounting pain testimony." Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir. 2005); see also Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).

However, if the ALJ's assessment of the claimant's testimony is reasonable and is supported by substantial evidence, it is not the Court's role to "second-guess" it. See Rollins, 261 F.3d at 857. Finally, the ALJ's credibility finding may be upheld even if not all of the ALJ's reasons for rejecting the claimant's testimony are upheld. See Batson v. Comm'r Soc. Sec. Admin, 359 F.3d 1190, 1197 (9th Cir. 2004).

2. <u>Analysis</u>

During the 2016 hearing, Plaintiff testified he could not perform a job that required him to perform twenty pounds of lifting for about two and a half hours a day. AR 51-52. Plaintiff also stated it would be "very difficult" for him to perform at a job where he would have to stand and walk for more than four hours in a day, and he testified that he would was "not sure" if he could use his hands for handling or fingers for fingering for about five hours a day at a job because it would "give [him] problems." AR 52. In a psychiatric report from September 30, 2014, Plaintiff reported he could care for his personal hygiene, cook, shop, and carry out other housekeeping chores. AR 296-97.

The ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but his statements "concerning the intensity, persistence[,] and limiting effects of these symptoms [were] not entirely consistent with the medical evidence and other evidence," (AR 27) because Plaintiff's subjective symptom testimony was inconsistent with: (1) the objective evidence; (2) his conservative treatment; and (3) his activities of daily living. AR 29-30. As explained below, the ALJ provided legally sufficient reasons for discounting Plaintiff's subjective symptom testimony.

First, the ALJ discounted Plaintiff's symptom testimony because it was not supported by objective medical evidence. AR 28-31. "Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his credibility analysis." <u>Burch</u>, 400 F.3d at 681; <u>see also</u> <u>Rollins</u>, 261 F.3d at 857. The record shows numerous objective medical findings and conclusions that conflict with Plaintiff's allegations of total disability, including: (1) physical examination findings showing some pain on flexion but only mild difficulty getting on and off the exam table, negative straight leg raising tests, a normal gait, no abnormalities

11

in the shoulders, no tenderness over the shoulder joints, no atrophy, no deformity, no laxity or evidence of instability, a negative drop-arm test bilaterally, a normal range of motion with no complaints of pain, 5/5 strength in the upper extremities, a full range of motion in the lower extremities, no swelling or effusion in the knees, no ligamentous laxity or other significant abnormality in the knees, no inflammation or tenderness in the joints of the lower extremities, and full strength in the hands and lower extremities (AR 27-28, 310-12, 338-43, 417, 446); (2) imaging records showing only mild disc degeneration at L4-5 and no loss of height of vertebral bodies, cervical spine vertebrae at normal height, upper disc spaces within normal limits, and posterior arches intact (AR 313); (3) neurological findings showing normal upper extremities (AR 338-39); and (4) diagnostic testing, including MRIs and x-rays of Plaintiff's cervical and lumbar spine, showing evidence of C4 to C7 fusion in good placement (AR 363-64). The ALJ properly considered inconsistency with the objective medical evidence as one of at least two valid factors supporting the decision to discount Plaintiff's symptom testimony. See Burch, 400 F.3d at 681.

Second, the ALJ discounted Plaintiff's symptom testimony because he had only received conservative treatment post-surgery. AR 27-30. Treatment, especially when conservative, is a legitimate consideration in a credibility finding. See Tommasetti v. Astrue, 533 F.3d 1035, 1040 (9th Cir. 2008) (finding an ALJ properly rejected claimant's subjective complaints where medical records showed she responded favorably to conservative treatment of physical therapy and medication). When determining whether a treatment regimen is conservative, courts must take into account the condition being treated. Revels v. Berryhill, 874 F.3d 648, 667 (9th Cir. 2017).

The ALJ noted Plaintiff's medical records documented "conservative treatment for his conditions after his cervical fusion." AR 28. Plaintiff's record

documents he managed his allegedly disabling pain with only "mild" pain medication, post-surgery. AR 27. Plaintiff alleged disability beginning on October 4, 2013 and underwent a cervical spine discectomy and fusion surgery five days later. AR 21, 240. In June of 2014, Plaintiff was only taking muscle relaxers and ibuprofen "as needed" to address his cervical spine, and his doctors' recommendations throughout the relevant period were only for bone growth stimulation, home exercise, and physical therapy. AR 27-28, 347-48, 369, 371-72. Thus, the ALJ's finding regarding post-surgery conservative treatment was a clear and convincing reason to discount Plaintiff's statements of a disabling impairment. See Tommasetti, 533 F.3d at 1040; Cattano v. Berryhill, 686 Fed. App'x 408, 411 (9th Cir. 2017) (holding the ALJ properly discounted the claimant's testimony to the extent it conflicted with the RFC because of his conservative treatment post-surgery); Vargas v. Berryhill, 2018 WL 4183247, at *4 (C.D. Cal. Aug. 29, 2018) (finding Plaintiff's conservative treatment post-surgery, despite his allegedly disabling symptomatology, was a clear and convincing reason for discounting Plaintiff's testimony).

Third, the ALJ also discounted Plaintiff's subjective symptom testimony based on his reported daily activities, specifically, his ability to care for his personal hygiene, cook, shop, and carry out other housekeeping chores. AR 30. The Ninth Circuit has "repeatedly warned that ALJs must be especially cautious in concluding that daily activities are inconsistent with testimony about pain, because impairments that would unquestionably preclude work and all the pressures of a workplace environment will often be consistent with doing more than merely resting in bed all day." Garrison v. Colvin, 759 F.3d 995, 1016 (9th Cir. 2014); Vertigan, 260 F.3d at 1050 ("This court has repeatedly asserted that the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall

disability."). "[O]nly if his level of activity [was] inconsistent with [a claimant's] claimed limitations would these activities have any bearing on his credibility." Garrison, 759 F.3d at 1016

Here, without reaching the issue, even if the ALJ erred in relying on Plaintiff's activities of daily living as a basis for discounting his symptom testimony, as long as there remains "substantial evidence supporting the ALJ's conclusions" and the error "does not negate the validity of the ALJ's ultimate [credibility] conclusion," the error is deemed harmless and does not warrant reversal. Batson, 359 F.3d at 1195-97; Williams v. Comm'r, Soc. Sec. Admin., 2018 WL 1709505, at *3 (D. Or. Apr. 9, 2018) ("Because the ALJ is only required to provide a single valid reason for rejecting a claimant's pain complaints, any one of the ALJ's reasons would be sufficient to affirm the overall credibility determination.") As there are two other bases for the ALJ's discounting of Plaintiff's subjective symptom testimony, the Court does not consider the purported basis based upon activities of daily living.

The Court finds the ALJ provided sufficiently specific, clear, and convincing reasons for discounting Plaintiff's symptom testimony, specifically, the conflict with the objective medical evidence and Plaintiff's conservative treatment post-surgery. Those grounds, together, are sufficient to affirm the ALJ's findings with respect to Plaintiff's symptom testimony.[3]

---

[3] Plaintiff also asserts, in three sentences, that the ALJ should have considered whether Plaintiff is entitled to a closed period of disability. Jt. Stip. at 21. An ALJ is required to consider a closed period of disability if evidence in the record supports a finding that a person is disabled for a period of not less than twelve months. See Reynoso v. Astrue, 2011 WL 2554210, at *3 (C.D. Cal. June 27, 2011). Here, the ALJ afforded "great weight" to the State agency opinions that found Plaintiff's condition had improved to permit light work, with restrictions, within twelve months of the alleged onset date, opinions the ALJ found were "supported and justified by the objective findings." AR 29 (citing AR 66-67). Accordingly, the ALJ did consider whether Plaintiff was disabled for any twelve-month period and properly concluded,

14

## IV.
## ORDER

IT THEREFORE IS ORDERED that Judgment be entered affirming the decision of the Commissioner and dismissing this action with prejudice.

Dated: March 28, 2019

_____
JOHN D. EARLY
United States Magistrate Judge

---

based upon substantial evidence, that Plaintiff was not disabled for any closed period of disability. See Rosales v. Colvin, 2013 WL 1410387, at *4-5 (D. Ariz. Apr. 8, 2013) (finding the ALJ did not err in failing to consider a closed period of disability where the ALJ's decision was supported by substantial evidence).